Rinehart v. Buckingham.

_____

RINEHART, Adm'r, v. BUCKINGHAM *et al.*

Evidence: WHERE ADVERSE PARTY IS ADMINISTRATOR: USURY. Section 1791 of the Revision, making the defendant in an action wherein the defense of usury is pleaded a competent witness to prove the usurious character of the contract, is not affected by section 3982, which provides that a party is not competent to prove facts transpiring before the death of a deceased person, when the opposite party is the executor or administrator of such person.

*Appeal from Mahaska Circuit Court.*

THURSDAY, JULY 25.

ACTION upon a promissory note given to plaintiff's intestate; defense, usury. Upon the trial defendants offered to prove by one of themselves, Buckingham, that the note was given under an agreement to pay usurious interest. Upon the objection of plaintiff, the evidence was excluded. Judgment was rendered for plaintiff, from which defendants appeal.

*Davenport & Bolton* for the appellants.

*Seevers & Cutts* for the appellee.

BECK, Ch. J. — Upon the ruling of the court, in excluding the evidence of Buckingham, arises the only question presented by the record for our determination.

I. Revision, section 1791, provides that, "in all cases where the unlawful interest is not apparent on the contract or writing, the person contracting to pay the unlawful interest shall be a competent witness to prove that the contract is usurious." Under this statute, which was enacted in 1853, it is competent in all cases to establish the defense of usury by the oath of the defendant, unless it be modified or restricted in its operations by other legislation. The court below seems to have considered that this is done by another statute. We will proceed to its consideration.

Chapter 159 of the Revision of 1860 provides as follows: "Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, both civil and criminal, except as herein otherwise declared." § 3978. In any trial no person shall be disqualified by reason of his interest therein or in the event of the same, "but the party or parties thereto, and the persons in whose behalf such action or other proceed-

ings may be brought or defended shall, except as hereinafter excepted, be competent and compellable to give evidence," etc. § 3980. "No person shall be allowed to testify under the provisions of section 3980 when the adverse party is the executor of a deceased person, when the facts to be proved transpired before the death of such deceased person; and nothing in such section contained shall in any manner affect the laws now existing in relation to the settlement of estate of deceased persons, infants, or persons of unsound mind," etc. § 3982.

The evidence of the defendant in this case was excluded under the section last quoted. It will be readily seen that its provisions are not applicable to the facts presented by the record. The defendant was not offered as a witness under section 3980 alone, but also under section 1791, first above cited, which expressly declares him to be a competent witness. The exception provided for by section 3982, by its very terms does not, therefore, exclude the evidence offered, for it is limited in its operation to witnesses offered under section 3980. The evidence should, therefore, have been admitted.

II. Another consideration brings us to the same conclusion. The sections of the Revision above cited, viz., 3978, 3980 and 3982, were not designed to restrict the admissibility of evidence, which was before competent, but on the contrary were evidently intended to enlarge the competency of witnesses, so that all persons may testify in an action, except those excluded by section 3982. But as we have seen, under other provisions of the law, which, it may be observed, were in existence when the sections in question were enacted, the defendant is declared to be a competent witness to prove the usurious character of the contract sued on; section 3982 cannot, therefore, be construed to exclude him, and thus made to operate as a restriction upon evidence before admissible.

Unquestionably, before the enactment of section 3982, a witness standing in the position of defendant in this case could have testified under section 1791. To hold that he is incompetent, under section 3982, would give to that provision a restrictive operation, contrary to the spirit of the other sections cited above and the manifest intention of the legislature in these enactments.

III. The argument based upon the admitted intention of the legislature as manifested in section 3982, to render the living witness incompetent to testify against the dead, whose version of the transaction cannot be heard, is answered by the consideration of the policy of section 1791, which is to provide efficient evidence to defeat usurious contracts. The laws declare such contracts illegal, and by the section just mentioned, make the party who is supposed to possess knowledge upon the subject, a competent witness, although the other party, with whom the contract was made, is dead. To defeat these contracts is esteemed of so great importance, that a special provision is made as to the witnesses by whom their character may be established. The law was to the same effect prior to the enactment of section 3982. Parties to actions could not then be witnesses in their own behalf. But in a case where usury was pleaded as a defense, under section 1791, the defendant could establish, by his own testimony, the usurious character of the contract sued on. And his evidence was equally admissible when the action was prosecuted by an administrator.

The judgment of the circuit court is

Reversed.